IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<table>
<tr><td>

RYECO, LLC a/t/a G & G PRODUCE;
and T.M. KOVACEVICH-
PHILADELPHIA, INC.,
               *Plaintiffs,*

v.

A&P PRODUCE, LLC a/t/a PEDRO;
PEDRO M. INIGUEZ WALLE an
individual; and ELICESLA DIAZ a/k/a
ELICELSA DRAIZ, a/k/a ELICELSA
ORTIZ, an individual,
               *Defendants.*

</td><td>

Civil No. 25-353

</td></tr>
</table>

MEMORANDUM

Costello, J.                                                                                                      March 19, 2026

Plaintiffs Ryeco, LLC ("Ryeco") and T.M. Kovacevich-Philadelphia, Inc. ("Kovacevich") sold produce to Defendant A&P Produce, LLP ("A&P"). The produce was sold subject to the statutory trust authorized by the Perishable Agricultural Commodities Act ("PACA"). A&P accepted delivery but never paid for the produce. Plaintiffs sued A&P, as well as the principals of A&P, Pedro M. Iniguez Walle and Elicesla Diaz, seeking payment for the produce delivered to A&P. Defendants have not appeared to assert a defense. Accordingly, as will be explained in greater detail below, Plaintiffs are entitled to default judgment for the amounts owed by Defendants, including interest and attorneys' fees.

I.       BACKGROUND

A.       Facts

Plaintiffs, both of whom are based in Pennsylvania, are licensed wholesale produce dealers. ECF No. 1 ¶¶ 3-4. Kovacevich sold produce valued at $32,988 to A&P. *Id.* ¶ 11.

Although most of the sales were made on credit and invoiced, a sale on September 6, 2024, totaling $5,202, required A&P to pay immediately with a check and was not invoiced. *Id.* ¶¶ 11, 15. A&P's check was returned for insufficient funds, and A&P subsequently made a cash payment of $2,000. *Id.* ¶ 12. After the payment, A&P still owed $30,988 to Kovacevich. *Id.*; ECF No. 13-5 at 3. Kovacevich demanded payment of the outstanding balance, but Defendants failed to make any further payments. ECF No. 1 ¶ 17. Kovacevich preserved its PACA trust rights as to $27,786 of the outstanding balance by including statutorily required language in its invoices. *Id.* ¶ 15; ECF No. 13-3 at 2, ECF No. 13-4 at 3-5, 18-19. These invoices also notified A&P that Kovacevich would charge interest (18%) and seek attorneys' fees for overdue payments. ECF No. 13-3 at 2, ECF No. 13-4 at 3-5, 18-19.

Ryeco sold produce valued at $27,573 to A&P. ECF No. 1 ¶ 13. Ryeco received a partial payment of $5,595. ECF No. 12 ¶ 8. After the partial payment, A&P still owed $21,978 to Ryeco. ECF No. 12-5 at 2. Although Ryeco demanded payment for the outstanding balance, Defendants failed to make any further payments. ECF No. 1 ¶ 17. Ryeco preserved its PACA trust rights as to the outstanding balance by including statutorily required language in its invoices. *Id.* ¶ 16; ECF No. 12-3 at 2, ECF No. 12-4 at 2-4. These invoices also notified A&P that Ryeco would charge interest (12%) and seek attorneys' fees for overdue payments. ECF No. 12-3 at 2, ECF No. 12-4 at 2-4.

As officers, members, and managers of A&P, Defendants Walle and Diaz made business decisions for A&P and had control over Plaintiffs' PACA trust assets. *Id.* ¶¶ 6-7, 46, 56; ECF No. 13 ¶ 5; ECF No. 12 ¶ 5.

2

### B.    Procedural History

Plaintiffs filed their complaint on January 21, 2025.  ECF No. 1.  Plaintiffs personally served the complaint on the Defendants.  ECF Nos. 6-8.  Defendants did not appear.  The Clerk of Court entered default against the Defendants on March 28, 2025.  ECF No. 10.  Plaintiffs now move for default judgment.  ECF No. 11.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a district court can enter default judgment against a properly served defendant who fails to appear.  Fed. R. Civ. P. 55(b)(2).  To obtain default judgment, a litigant must first secure an entry of default from the Clerk of Court pursuant to Rule 55(a).  *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015).  The district court then has discretion to grant a motion for default judgment, provided the Court has jurisdiction over the matter and the parties and the defaulting defendants were properly served. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Allaham*, 635 F. App'x at 36 (citing *Bolden v. Se. Pa. Transp. Auth.*, 953 F.2d 807, 812 (3d Cir. 1991)) (further citation omitted); *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985).

After making these threshold determinations, a court then considers "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain*, 210 F.3d at 164.  When deciding a motion for default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  The Court need not accept the moving party's legal conclusions. *Butler v. Experian Info. Sols.*, 14cv7346, 2016 WL 4699702, at *2 (E.D. Pa. Sept. 7, 2016) (citing 10A *Wright & Miller's Federal Practice and Procedure* § 2688.1 (4th ed.)).

### III.    DISCUSSION

#### A.    Procedural Prerequisites

All of the procedural requirements for entry of a default judgment are satisfied in this case.  First, the Clerk of Court entered default against Defendants pursuant to Rule 55(a).  ECF No. 10.  Second, the Court has subject matter jurisdiction over this case pursuant to the PACA.  *See* 7 U.S.C. § 499e(c)(5); 28 U.S.C. § 1367(a).  Third, the Court has specific personal jurisdiction over Defendants because they contracted with Plaintiffs in Pennsylvania and made partial payments on the contracts in Pennsylvania.  *See Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001).  Finally, Plaintiffs properly served Defendants.  *See* Fed. R. Civ. P. 4(e), (h) (allowing for personal service of process on individuals and corporations); ECF Nos. 6-8 (confirming that process was personally served on both the corporate defendants and individual defendants).  Because these prerequisites are satisfied, the Court proceeds to a discussion of the *Chamberlain* factors.

#### B.    *Chamberlain* Factors

The *Chamberlain* factors weigh in favor of granting default judgment.  First, Plaintiffs would suffer substantial prejudice if they cannot obtain a default judgment.  Without a default judgment, Plaintiffs could be left without any means of obtaining payment for the thousands of dollars of produce they delivered to A&P.   Second, there are no apparent litigable defenses arising from the complaint.  According to the complaint, Plaintiffs delivered tens of thousands of dollars in produce to Defendants and Defendants failed to pay what they owed.  Because Defendants have failed to appear or respond in any way to this lawsuit, the Court has no basis to conclude they have a litigable defense.  Third, Defendants' failure to make payments owed to Plaintiffs, combined with their refusal to defend this lawsuit after being properly served, suggests

that Defendants are to blame for the delays in this case. *See Selective Ins. Co. of S. Carolina v. KS Automotive, LLC*, 25cv2985, 2025 WL 3516861, at *3 (E.D. Pa. Dec. 8, 2025). Absent some explanation from Defendants, the Court can reach no other conclusion. The *Chamberlain* factors have therefore been satisfied.

### C. Liability

Plaintiffs have sufficiently alleged claims against Defendants for nonpayment and for failure to maintain sufficient PACA trust assets. PACA was enacted "to deter unfair business practices and promote financial responsibility in the perishable agricultural goods market." *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 419 (3d Cir. 2005). To secure transactions in perishable agricultural goods, PACA creates a right to a portion of what is known as a PACA trust for the seller's benefit in the amount of the commodity sold by the seller. *Food Team Intern., Ltd. v. Unilink, LLC*, 595 F. App'x 146, 149 (3d Cir. 2014) (first citing 7 U.S.C. § 499e(c)(3), then quoting *id.* § 499e(c)(2)). To ensure its right to the PACA trust, a seller must provide notice to the buyer that it intends to secure the sales transaction against a portion of the PACA trust. *Id.* The written notice may take the form of text at the bottom of an invoice using language mandated by PACA. 7 U.S.C. § 499e(c)(4). This right to a share of the PACA trust persists until the dealer provides payment for the goods supplied by the seller. *Food Team Intern., Ltd.*, 595 F. App'x at 149. PACA makes it unlawful "[f]or any . . . dealer[1] . . . to fail or refuse to . . . make full payment promptly in respect of any transaction in any such commodity to

---

[1]    A&P is a dealer covered by PACA because they bought more than 2,000 pounds of produce per day. 7 U.S.C. § 499a(b)(6) (dealer is an entity that buys or sells wholesale amount of produce); 7 C.F.R. § 46.2(x) (wholesale amount of produce means buying more than 2,000 pounds of produce in a day); ECF No. 12-4 at 3-4 (showing sales of fruit from Ryeco to A&P in excess of 2,000 pounds on multiple days); ECF No. 13 ¶ 4 (Kovacevich sold in excess of 4,000 pounds of produce on April 12, 2024 to A&P).

the person with whom such transaction is had." *Food Team Intern., Ltd.*, 595 F. App'x at 148 (quoting 7 U.S.C. § 499b(4)).  PACA also makes it unlawful for a dealer to not maintain sufficient PACA trust assets to cover its outstanding invoices.  7 U.S.C. § 499b(4).  Plaintiffs preserved their rights to the trust by including the statutorily required language on the sales invoices.  A&P has not provided full payment as required.  As a result, A&P is liable under PACA.  7 U.S.C. §§ 499b(4); 499e(c)(2)-(3).

Plaintiffs have also provided sufficient evidence for individual liability to attach to Walle and Diaz.  An officer or shareholder of an entity found liable under PACA can be individually liable for improperly disposing of PACA trust assets.  *Food Team Intern., Ltd.*, 595 F. App'x at 149 (quoting *Weis-Buy Servs., Inc.*, 411 F.3d at 421).  Individual liability requires the Court to "(1) 'determine whether an individual holds a position that suggests a possible fiduciary duty to preserve the PACA trust assets (*e.g.*, officer, director, and/or controlling shareholder)' and [to] (2) 'assess whether that individual's involvement with the corporation establishes that she was *actually* able to control the PACA trust assets at issue.'"  *Id.* (quoting *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 172 (3d Cir. 2010)).  Plaintiffs' complaint and their declarations establish that Walle and Diaz had a fiduciary duty to preserve the PACA trust assets by virtue of their positions with A&P.  Plaintiffs have also established that Walle and Diaz were in position to control the trust assets, *i.e.*, the produce and the proceeds from the sale of their produce.  Therefore, Walle and Diaz are individually liable under PACA.  *See N. Am. Produce Co. v. BLJR Distribution, LLC*, 25cv672, 2025 WL 2778095, at *3-4 (E.D. Pa. Sept. 26, 2025) (entering default judgment against individuals under PACA based on similar facts).

Defendants are also liable for breach of contract.  A Plaintiff can pursue both a PACA claim and a breach of contract claim against an individual or entity who has failed to pay for a

covered transaction.  *See* 7 U.S.C. § 499e(b); *Agri Exotic Trading, Inc. v. D Mart Rutherford LLC*, 21cv17794, 2022 WL 180278, at *5 (D.N.J. Jan. 20, 2022) (granting default judgment on both PACA and breach of contract claim based on same sales of produce).  Because Plaintiffs conveyed goods to A&P that Defendants never paid for, they are liable for breach of contract.  *See Farmlind Produce, LLC v. Sickles Market, LLC*, 24cv3746, 2024 WL 3509488, at *5 (D.N.J. July 23, 2024) (entering default judgment on breach of contract claims based on PACA violations).  Entry of default judgment against Defendants is therefore appropriate.

### D.    Damages

Plaintiffs must prove the amount of the damages they seek "with certainty" and may do so through declarations, affidavits, and supporting documents.  *Farmlind Produce, LLC*, 2024 WL 3509488, at *7-*8 (citing *Comdyne I, Inc.*, 908 F.2d at 1149); *see also N. Am. Produce Co.*, 2025 WL 2778095, at *4.  As is discussed below, Plaintiffs have provided adequate proof of their damages.

Ryeco has provided invoices totaling $21,978 for produce sold to A&P.  *See* ECF Nos. 12-4, 12-5.  Kovacevich has also provided invoices and other documentation showing that A&P owes Plaintiffs $30,988 for its PACA and breach of contract claims.  *See* ECF Nos. 13-3, 13-4, 13-5.  A&P owes $27,786 as to the PACA claim and $3,202 as to the breach of contract claim.

Attorneys' fees and interest may also be included as part of the PACA trust claim.  *Food Team Int'l, Ltd. v. Unilink, LLC*, 872 F. Supp. 2d 405, 420 (E.D. Pa. 2012).  Here, the relevant invoices stated that Plaintiffs would be entitled to attorneys' fees and interest.  ECF No. 12-3 at 2, ECF No. 12-4 at 2-4 (Ryeco invoices); ECF No. 13-3 at 2, ECF No. 13-4 at 3-5, 18-19 (Kovacevich invoices).  Accordingly, the Court will include interest and attorneys' fees as part of the default judgment against Defendants.

As to the amount of attorneys' fees, Plaintiffs' counsel has provided a declaration and supporting billing records that detail billing practices, appliable rates, hours, and expenses incurred. Ms. Fassett charged a significantly reduced rate for her work in this case and did not charge for certain work she performed. ECF No. 14 ¶¶ 1-2. Ms. Ellis, another attorney at Ms. Fassett's firm, also performed work for the Plaintiffs. *Id.* ¶ 3. Courts in this district have approved the same, or similar, fees charged by Ms. Fassett and Ms. Ellis respectively. *See N. Am. Produce Co.*, 2025 WL 2778095, at *4; ECF No. 69 ¶ 2 (approving identical billing rate for Ms. Fassett); *Ryeco, LLC, et al. v. Hurst Produce & Flowers Corp., et al.*, 23cv3380, ECF No. 29 ¶ 3, ECF No. 38 (E.D. Pa. Jan. 30, 2024) (approving Ms. Ellis' billing rate). Because the rates are reasonable and because Plaintiffs have substantiated the requested attorneys' fees and expenses, the Court will award attorneys' fees and expenses totaling $7,667.58.

Plaintiffs are also entitled to pre- and post-judgment interest. Under Pennsylvania law when a contract specifies an interest rate that is owed to a party, that interest rate governs the rate of prejudgment interest to be awarded. *See Giant Food Stores, Inc. v. Kmart Corp.*, 94cv6817, 1997 WL 129020, at *1 (E.D. Pa. Mar. 18, 1997); *N. Am. Produce Co.*, 2025 WL 2778095, at *5 (using Plaintiffs' interest rate in invoice to set prejudgment interest rate in PACA case). Ryeco claimed a 12% interest rate on its invoices. Therefore, Ryeco is entitled to $3,192.90 of pre-judgment interest as of May 10, 2025. *See* ECF No. 12-3 at 3, 12-5 at 2. Kovacevich specified on their invoices that interest would accrue at a rate of 18% per annum. Kovacevich is entitled to $4,490.59 of pre-judgment interest as of May 10, 2025.[2] *See* ECF No. 13-6 at 2.[3] Plaintiffs

---

[2]    Kovacevich is not entitled to pre-judgment interest as to the September 6, 2024 sale because there is no invoice that specifies that Defendants would owe Plaintiffs interest.

[3]    Plaintiffs may provide the Court with updated pre-judgment interest figures so that amount may be included in the judgment.

are also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a). Based on the foregoing, Plaintiffs have substantiated their damages request and are entitled to default judgment against the Defendants in the following amounts:

| Plaintiff/ PACA Claimant | Principal Amount Due | Interest through May 10, 2025 | Attorneys' Fees Through May 13, 2025 | Total Judgment Amount |
|---|---|---|---|---|
| Ryeco | $21,978.00 | $3,192.90 | $3,609.92 | $28,780.82 |
| Kovacevich | $30,988.00 | $4,490.59 | $4,057.66 | $39,536.25 |

## IV.    CONCLUSION

Plaintiffs are entitled to default judgment against Defendants, who have failed to appear to defend themselves against Plaintiffs' PACA and breach of contract claims. Thus, Defendants are jointly and severally liable to Plaintiffs for all sums owing in connection with the produce transactions at issue in this case, including interest and attorneys' fees.

An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO, J.

9